Pilar Alberto ARGUETA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74476.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 19, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pilar Alberto Argueta, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Pilar Alberto Argueta, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Ap-

peals' order affirming, without opinion, an immigration judge's ("IJ") order denying Argueta's applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir. 2005), and deny the petition for review.

■ Argueta testified that two of his cousins were killed in El Salvador in the mid–1990s, but that he was unaware of the circumstances of their deaths. Argueta also testified that two rival criminal gangs attempted to recruit him in 2001, and that gang members threatened, hit and insulted him when he refused to join either group. Contrary to Argueta's contention, neither his testimony nor any other evidence in the record compels the conclusion that he was or would be targeted because of his political opinion, real or imputed, or his membership in a particular social group. *See Ochoa*, 406 F.3d at 1170–72 (persecution not on account of political opinion or membership in a particular social group where petitioner refused to participate in criminal activity). Consequently, substantial evidence supports the IJ's determination that Argueta is not eligible for asylum or withholding of removal. *Id.* at 1172.

■ The IJ denied CAT relief on the ground that Argueta failed to present evidence that it is more likely than not that he would be tortured by El Salvadoran officials or anyone acting with their acquiescence. The record does not compel a contrary finding. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.